**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MIRANDA WILLIAMS,<br><br>Plaintiff<br>v.<br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 1:26-CV-00141<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

On December 22, 2025, Plaintiff Miranda Williams ("Williams") initiated this action by filing a complaint in the Court of Common Pleas of Cumberland County. (Doc. 1-3). On January 21, 2026, Progressive Specialty Insurance Company ("Progressive") removed this action to the Court. (Doc. 1). Before the Court is Progressive's motion to dismiss for failure to state a claim. (Doc. 4). For the following reasons, Progressive's motion is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from the complaint and, for the purposes of the instant motion, is taken as true. (Doc. 1-3). On or approximately December 21, 2023, Williams, a Pennsylvania resident, suffered severe and permanent bodily injury as a result of a motor vehicle collision. (Doc. 1-3, ¶¶ 3, 5). The other driver, who was the sole cause of the accident, had an insurance policy covering this accident for a total of $100,000. (Doc. 1-3, ¶ 7). Williams settled claim against the other driver for $100,000, exhausting all third party insurance benefits available. (Doc. 1-3, ¶ 8). Progressive is an insurance company that issued Williams's insurance in Pennsylvania under policy number 970812712, which was effective on the date of the accident and included coverage for underinsured motorist coverage up to $100,000. (Doc. 1-3, ¶¶ 10-12). Upon reaching the policy limit of the other driver's liability

coverage, Williams asserted a claim with Progressive for underinsured motorist coverage arising from the accident. (Doc. 1-3, ¶ 13). Progressive has refused to fairly evaluate Williams's claim but made a settlement offer of $1,000. (Doc. 1-3, ¶¶ 15-16).

On December 22, 2025, Williams filed a complaint alleging three counts under Pennsylvania law. (Doc. 1-3, ¶¶ 17-38). In Count I, Williams alleges Progressive is liable for breach of contract. (Doc. 1-3, ¶¶ 17-23). In Count II, Williams alleges Progressive is subject to bad faith liability under 42 Pa.C.S. § 8371. (Doc. 1-3, ¶¶ 24-32). In Count III, Williams alleges Progressive is subject to liability under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

On January 28, 2026, Progressive filed the instant motion and a brief in support requesting the Court to dismiss Count II and Count III. (Doc. 4; Doc. 5, at 2). On February 17, 2026, Williams filed a brief in opposition of the motion. (Doc. 11). On March 4, 2026, Progressive filed a reply brief. (Doc. 12). Accordingly, the motion is ripe for discussion.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for

which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

## III. Discussion

Progressive moves to dismiss Count II and Count III. (Doc. 4). Williams agrees to dismiss Count III (Doc. 11, at 7). As such, the Court **GRANTS** Progressive's motion to dismiss Count III and will address only Count II below.

### A. The Court dismisses Count II.

In Count II, Williams alleges that Progressive is liable for bad faith liability under 42 Pa.C.S. § 8371. (Doc. 1-3, ¶¶ 24-32). Progressive avers that Williams fails to state a claim because she does not sufficiently plead factual allegations to support a statutory bad faith claim. (Doc. 5, at 5). Williams counters that she sufficiently plead bad faith because she alleges that Progressive denied her payment of uninsured motorist benefits and has failed to provide an offer in good faith. (Doc. 11, at 10).

Under Pennsylvania law, if a plaintiff proves an "insurer has acted in bad faith toward the insured, the [C]ourt may" award interest, punitive damage, and attorney fees. 42 Pa.C.S. § 8371. "Mere negligence on the part of insurer is insufficient to sustain a bad faith claim." *Verdetto v. State Farm Fire & Cas. Co.*, 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011), *aff'd*, 510 F. App'x 209 (3d Cir. 2013). Rather, to establish bad faith, the plaintiff must establish "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*,

115 F.3d 230, 233 (3d Cir. 1997); *see Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017).

"Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured. A plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner*, 262 F. Supp. 3d at 208 (citations omitted). A plaintiff must allege specific facts indicating that the defendant acted in bad faith and "cannot merely say that an insurer acted unfairly." *Toner*, 262 F. Supp. 3d at 208 (dismissing a bad faith claim where the plaintiff alleged the defendant acted unfairly without providing specific details); *see Weir v. Progressive Advanced Ins. Co.*, No. 3:25-CV-1504, 2025 WL 3270525, at *5 (M.D. Pa. Nov. 24, 2025) (same). A plaintiff avoids dismissal by alleging specific actions which indicate unfairness and bad faith. *See Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 (E.D. Pa. 2014) (denying a motion to dismiss a bad faith claim where the plaintiff sufficiently alleged specific examples of unfairness or a lack of consideration of the plaintiffs' claims); *see also Meiser v. State Farm Fire & Cas. Co.*, No. CV 3:17-2366, 2018 WL 4680055, at *3 (M.D. Pa. Sept. 28, 2018) (same). However, a plaintiff may not simply provide a list of ways in which a defendant may have acted in bad faith without alleging specific details or "specific instances where Defendant's conduct indicated bad faith." *Toner*, 262 F. Supp. 3d at 208-09 (dismissing a bad faith claim where the complaint only contained a "list of conclusory statements instead of illustrating specific instances where Defendant's conduct indicated bad faith"); *see Grimley v. Progressive Advanced Ins. Co.*, No. CV 25-3111, 2025 WL 2414162, at *3 (E.D. Pa. Aug. 20, 2025) (finding that a plaintiff failed to state a claim by simply including a "laundry list of the ways in which [the insurer] could have acted in bad faith"); *see also Weir*, 2025 WL 3270525, at *5 (finding that a defendant failed to state a bad faith claim by including "a laundry list of

boilerplate and generic allegations about bad faith [which], taken together, falls far short of alleging plausible factual content raising the reasonable inference that [the insurer] is liable under Pennsylvania's bad faith statute")

Williams makes numerous conclusory allegations in support of her bad faith claim. She alleges that Progressive "has acted, and continues to act, in bad faith, pursuant to 42 Pa.C.S.A Section 8371, by breaching the duty of good faith and fair dealing with respect to the insurance policy by failing to make any offer or make payments for underinsured motorist benefits covering Plaintiff." (Doc. 1-3, ¶ 25). According to Williams, a Progressive agent named Jess George "made misrepresentations concerning the underinsured motorist claim." (Doc. 1-3, ¶ 30). Not only does Williams fail to describe these misrepresentations in further detail, she also fails to make any further allegations beyond that Progressive "without reasonable cause, has failed to act in good faith," and that such "acts" were "intentional, reckless, malicious and/or negligent," (Doc. 1-3, ¶¶ 26, 28). Williams's allegations are summary recitations of the elements of a bad faith claim. *See Gilles v. Progressive Advanced Ins. Co.*, No. 5:25-CV-5429, 2025 WL 3657339, at *2 (E.D. Pa. Dec. 17, 2025) (finding that plaintiff did not meet the pleading requirements of a bad faith claim by "merely stating that Progressive's actions were 'unreasonable' or done with 'knowledge or recklessness' if she cannot articulate what those actions were."). Further, they are consistent with summaries courts in the Third Circuit have found insufficient to state a claim for bad faith because such summaries lack specific details and examples of "instances where Defendant's conduct indicated bad faith." *Toner*, 262 F. Supp. 3d at 209; *see Grimley*, 2025 WL 2414162, at *3; *see also Weir*, 2025 WL 3270525, at *5. Accordingly, the Court **GRANTS** Progressive's motion to dismiss Count II. (Doc. 4).

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (nonprecedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Here, leave to amend is not futile because Williams may file an amended complaint alleging specific details supporting their bad faith claim. *See Grimley*, 2025 WL 2414162, at *4 (granting leave to amend because an amended complaint could contain specific allegations supporting the plaintiff's bad faith claim); *see also Weir*, 2025 WL 3270525, at *6 (same); *see also Gilles*, 2025 WL 3657339, at *3 (same). Accordingly, Count II and Count III are **DISMISSED without prejudice**, and Williams is **GRANTED** twenty-one days from the date of the accompanying Order to file an amended complaint.

## V. CONCLUSION

For the foregoing reasons, Progressive's motion to dismiss is **GRANTED**. (Doc. 4). Count II and Count III are **DISMISSED without prejudice**. (Doc. 1-3, ¶¶ 24-38). Williams is **GRANTED** twenty-one days from the date of the accompanying Order to file an amended complaint.

An appropriate Order follows.

**BY THE COURT:**

**Dated: August 24, 2026**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**